**In re Lourdes CARBAJAL a/k/a Lourdes Carbajal Vicente, Debtor.**

**Bankruptcy No. 87–00703–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

April 30, 1987.

---

**1.** It is customary to refer to the "court order" when discussing stays in bankruptcy and their violation. It should be noted that there is no "order" entered by the bankruptcy judge in these situations in any normal sense. The stay occurs by operation of law pursuant to §§ 362 and 524 of the Bankruptcy Code. While a knowing violation of a § 362 automatic stay almost always will support civil sanctions, the "knowing" factor is not as cut-and-dried an issue in the § 524 situation. See text above.

Edward J. Waldron, Coral Gables, Fla., for debtor.

Robert L. Roth, trustee.

### ORDER DENYING CONFIRMATION AND CONVERTING CASE TO CHAPTER 7

THOMAS C. BRITTON, Chief Judge.

The debtor's chapter 13 plan was before the court for confirmation on April 29.

Confirmation is denied under 11 U.S.C. § 1325(a)(3) and (6). The debtor is a married woman. Both she and her husband are employed and they live together, sharing household and other living expenses. The debtor proposes to pay her creditors approximately 20% of the amount owed in installments from her income spread over the next three years. Because she alone has filed for bankruptcy, she reports only her income and a part of her living expenses, reflecting a net disposable monthly income of $472.

I find that the plan has not been proposed in good faith. In the first place, she proposes monthly payments of only $125 and it is obvious from her own figures that she could pay a great deal more.

More serious, however, is that she asks that I accept her judgment as to what part of the living expenses of this family unit should be attributable to her and deduct it from her income. I do not believe that an equitable division of the living expenses can be made under these circumstances and, therefore, I cannot determine whether this debtor is making a good faith effort to pay all that she reasonably can to her creditors.

For the same reasons just outlined, I cannot make a finding that this debtor will in fact be able to make all payments under the plan and to comply with the plan, without having the earning capacity of the husband and his share of the household and living expenses before me for evaluation as well as hers.

No useful purpose would be served by affording this debtor a further opportunity to file an amended plan because she has announced that under no circumstances would she ask her husband to join in her bankruptcy.

At the hearing, the debtor elected to convert this case to a chapter 7 under § 1307(a) which she is entitled to do as a matter of right.

The case is converted to chapter 7 and The Roth Trustee Corporation shall serve as trustee.