**In re Michael Charles HARMON, Debtor.**

**Bankruptcy No. 89–08980–R.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Aug. 22, 1990.

---

David Goldstein, Ann Arbor, Mich., for debtor.

David Ruskin, Southfield, Mich., Trustee.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO PLAN

STEVEN W. RHODES, Chief Judge.

The trustee objects to confirmation of the debtor's Chapter 13 plan on the grounds that it fails to provide for all of the debtor's net disposable income. 11 U.S.C. § 1325(b)(1)(B).

The debtor is a married man, living with his working wife. Apparently, they split their living expenses equally. The debtor's budget proposes to calculate his net disposable income by deducting one half of the total family expenses from his after-tax income.

The trustee contends that the debtor's net disposable income should be calculated by deducting the total family expenses from the total family income.

The difference between the calculations is $534.40 per month. The debtor's plan offers 50% to unsecured creditors over three years. The trustee's calculations would result in a 97% dividend.

■ The Court concludes that the trustee's objections must be overruled, for a number of reasons. First, the debtor's wife has not joined in the bankruptcy case. Therefore, the Court has no jurisdiction over her, her assets, or her income. The Court cannot compel her to make any payment toward the debtor's plan. Yet the trustee's proposed calculation would do just that. Deducting the total family expenses from the total family income is only appropriate if both wage earners are before the Court, or, perhaps if the non-debtor spouse agrees to that treatment.

Therefore, the issue becomes whether the debtor's claimed expenses are reasonable and necessary, given his income, his needs, and his circumstances. Here the debtor asserts that his expenses are one-half of the total family expenses. The Court notes that the total family expenses are unexceptional. The Court further notes that if the parties had chosen to allocate their expenses between them pro-rata on the basis of their respective incomes, then the debtor's share of the family expenses would exceed 50%, since he earns more than his wife. The Court further notes that the agreement between the debtor and his wife to share their expenses equally was an established aspect of their marriage before his bankruptcy filing. Therefore, the Court finds that the debtor's expenses are one half of the total family expenses and that this is reasonable. Accordingly, the Court finds that the debtor's net disposable income is as he asserts in his plan.

*In re Carbajal*, 73 B.R. 446 (Bankr.S.D. Fla.1987), cited by the trustee, is inapposite, because in that case there was no disclosure regarding the non-debtor spouse's income or share of the expenses. Thus, the debtor's request that the Court simply accept her judgment as to the expenses was denied. In the present case, the debtor has made a full disclosure of the expense sharing arrangement, and the basis for it.

Similarly, *In re Kern*, 40 B.R. 26 (Bankr. S.D.N.Y.1984), is distinguishable. There, confirmation was denied because the debtor proposed to pay 100% of the family's expenses, even though the non-debtor spouse was working.

■ These cases simply illustrate the point that in examining the reasonableness of the expenses claimed by the debtor, each case must be examined on its own facts.

Finally, the Court must reject the trustee's secondary argument that the plan was not filed in good faith. 11 U.S.C. § 1325(a)(3). Nothing in record suggests a lack of good faith, as interpreted in *In re Caldwell*, 851 F.2d 852 (6th Cir.1988); *In re Doersam*, 849 F.2d 237 (6th Cir.1988); or *In re Kourtakis*, 75 B.R. 183 (Bankr.E. D.Mich.1987).

Accordingly, IT IS HEREBY ORDERED that the trustee's objections to confirmation of the debtor's plan are overruled.

The parties shall submit an order confirming the plan.