In re Stanley Max LINDSEY d/b/a L.L.L. Excavating Emma Gail Lindsey, Debtors.

Bankruptcy No. 99–33456.

United States Bankruptcy Court, E.D. Tennessee.

Dec. 3, 1999.

C. Dan Scott, Scott & Jones, Sevierville, Tennessee, for debtors.

Gwendolyn M. Kerney, Knoxville, Tennessee, Chapter 13 Trustee.

## MEMORANDUM ON TRUSTEE'S OBJECTION TO CONFIRMATION

RICHARD S. STAIR, Jr., Chief Judge.

This matter is before the court on the Objection to Confirmation by Chapter 13

Trustee filed on October 7, 1999, by the Chapter 13 Trustee, Gwendolyn M. Kerney. The Trustee objects to confirmation of the Chapter 13 Plan filed on September 7, 1999, by the Debtors, Stanley Max Lindsey and Emma Gail Lindsey, as amended by the Debtors' First Amended Chapter 13 Plan filed on November 10, 1999, on the ground that the plan fails to meet the disposable income requirement of 11 U.S.C.A. § 1325(b)(1)(B) (West 1993 & Supp.1999). A confirmation hearing was held on November 17, 1999.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(L) (West 1993).

## I

The Debtors filed their Chapter 13 petition on August 20, 1999. They scheduled creditors holding unsecured nonpriority claims in the total amount of $108,197.14.[1] Mr. Lindsey is employed by Blalock Lumber Company and earns $2,440.00 monthly as a plant supervisor. Mrs. Lindsey works on the assembly line at E.V. Audio and earns $1,863.33 monthly. The Debtors have a combined net monthly income of $3,512.87 and expenses of $2,137.00.

Under their plan, the Debtors propose to pay the Chapter 13 Trustee $1,432.00 monthly for sixty months, creating a 20–70% dividend for unsecured creditors. The Debtors also propose to cramdown the secured claims of three creditors. First is Farm Credit Services of MidAmerica which holds a claim secured by the Debtors' mobile home and land. On account of this secured claim, the Debtors propose to pay $12,572.00 in monthly installments of $258.00 at 8.5% interest. Another claim is held by United Federal Credit Union which is secured by the Debtors' 1993 F250 Ford Truck and 1993 Ford Taurus. On account of this secured claim, the Debtors propose to pay $4,286.00 in monthly installments of $95.00 at 6.5% interest. Finally, New Holland Credit Company, LLC, holds a claim secured by a 6640 Ford New Holland Tractor with a front loader and a 640 Ford New Holland Round Baler. On account of this secured claim, the Debtors propose to pay $27,300.00 in monthly payments of $610.00 at 12% interest.[2] The Debtors' treatment of this debt creates the sole confirmation issue.

The Debtors use the Ford New Holland Tractor and Baler for baling hay and in caring for two horses on a 195 acre farm leased by Mr. Lindsey.[3] In a schedule of Business Income and Expenses attached to the Debtors' schedules, the Debtors disclose $25.00 in average net monthly income from the farm. That net income represents $350.00 in monthly gross income less $25.00 for monthly inventory purchases, $50.00 for monthly purchases of feed, fertilizer, seed and spray, and $250.00 in monthly rent for the acreage leased by Mr. Lindsey. It does not include maintenance expenses associated with the upkeep of the tractor and baler nor does it include insurance which costs approximately $200.00 yearly.[4]

## II

The Trustee objects to the Debtors' plan on the ground that it fails the disposable income requirement of 11 U.S.C.A. § 1325(b)(1) (West 1993 & Supp.1999). Specifically, the Trustee contends that the

---

1. The largest of these creditors, Furrow Justice/Associates, with a scheduled claim of $35,788.00, has advised the Chapter 13 Trustee that its claim has been taken care of and that it will not be filing a claim.

2. Interestingly, the Debtors propose to cramdown New Holland Credit Company, LLC's claim in an amount greater than the claim asserted by the creditor in its Proof of Claim filed on October 13, 1999. New Holland Credit Company, LLC, filed its claim in the amount of $25,516.33, which includes attorney's fees of $250.00.

3. Mr. Lindsey's leasehold interest in this farm land is not disclosed on the schedules to his petition.

4. On June 10, 1999, Mr. Lindsey incurred a $571.88 bill to replace a fuel pump on the tractor. This bill was not paid.

Debtors' plan fails the disposable income test by paying $610.00 monthly for sixty months in order to retain the tractor and baler.[5]

The Chapter 13 Trustee may object to confirmation of a debtor's plan pursuant to § 1325(b)(1), which provides in material part:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
>
> . . . .
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C.A. § 1325(b)(1). The term "disposable income" is defined in § 1325(b)(2)(A) as "income which is received by the debtor and which is not reasonably necessary to be expended . . . for the maintenance or support of the debtor or a dependent of the debtor. . . ." 11 U.S.C.A. § 1325(b)(2) (West 1993 & Supp.1999). In addition, "disposable income" includes income received by the debtor which is not needed for the "payment of expenditures necessary for the continuation, preservation, and operation" of a debtor's business. 11 U.S.C.A. § 1325(b)(2)(B) (West 1993).

■ Courts have decided that, "[a]s a general rule, 'reasonably necessary' expenses as defined in chapter 13 cases means 'adequate' but not 'first class.'" *Dunn v. Dunn (In re Dunn)*, 225 B.R. 393, 401 (Bankr.S.D.Ohio 1998); *Nelson v. Easley (In re Easley)*, 72 B.R. 948, 949 (Bankr.M.D.Tenn.1987). When determining whether expenses and amounts are reasonably necessary, courts inspect the facts of the particular case, including the number of dependants a debtor has and what expenses are necessary to allow the debtor to earn a living or otherwise provide a needed benefit to himself and his dependants. *See In re Walsh*, 224 B.R. 231, 233 (Bankr.M.D.Ga.1998); *In re Harmon*, 118 B.R. 68 (Bankr.E.D.Mich.1990).

■ "Luxury goods and services" are defined in the Bankruptcy Code as goods or services that are not "reasonably acquired for the support or maintenance of the debtor or a dependant of the debtor." 11 U.S.C.A. § 523(a)(2)(C) (West 1993 & Supp.1999). The majority of courts evaluate a debtor's retention of luxury goods under the disposable income test, while the minority of courts use a good faith analysis. *See In re Gibson*, 142 B.R. 879 (Bankr.E.D.Mo.1992) (citing *In re Rogers*, 65 B.R. 1018 (Bankr.E.D.Mich.1986) as a court following the majority). The disposable income test is favored by the majority because it focuses on the fact that a luxury expense detracts from possible payments to unsecured creditors. *See id.* at 882. If a debtor is not paying 100% of unsecured creditors' claims, then courts may require a debtor to forego the luxury expense. *See id.* at 881. In making that determination, courts must require the debtor to "demonstrate a degree of belt tightening" but should not "impose its values on a debtor's spending habits." *Id.* at 882.

■ The tractor at issue, together with the front loader, was purchased new by Mr. Lindsey, from Tennessee Ford New Holland, Inc., predecessor-in-interest to Ritchie Tractor Company, Inc., in June 1994 for a purchase price of $47,500.00. Mr. Lindsey traded an older tractor for $15,000.00 and financed the $32,500.00 balance of the purchase price through New Holland Credit Company, LLC. The baler was purchased new in September 1994 from Tennessee Ford New Holland, Inc., for the sum of $14,863.00. Mr. Lindsey

---

5. The Trustee does not object to the Debtors' retention of the baler. However, resolution of the Trustee's objection necessarily involves the baler because New Holland Credit Company, LLC, asserts a single claim secured by both the tractor and baler.

traded an older baler for $5,863.00 and financed the $9,000.00 balance through New Holland Credit Company, LLC.[6] New Holland Credit Company, LLC, has filed a secured claim in the amount of $25,516.33.

Stewart Ritchie, President of Ritchie Tractor Company, Inc., testified that his company sold the tractor and baler to Mr. Lindsey; that the tractor has a 76 horse-power engine, an air-conditioned cab, four-wheel drive, a "high-end" transmission, and is equipped with the front loader; and that the tractor has a wholesale value of $26,300.00, a retail value of $34,500.00, and a trade-in value of $25,000.00. Mr. Ritchie also testified that for the purpose the tractor is used by Mr. Lindsey, baling hay, he could get by with a much smaller tractor.

The court finds from the record before it that the tractor and baler are recreational in nature and are not reasonably necessary for the Debtors' maintenance and support. They generate only $25.00 in net monthly income without factoring in insurance and maintenance.[7] The Debtors' proposed monthly payment of $610.00 to New Holland Credit Company, LLC, in satisfaction of its secured claim is not justifiable as a reasonably necessary expense under § 1325(b)(1)(B). *See In re Schnabel,* 153 B.R. 809, 819 (Bankr.N.D.Ill.1993) (concluding that payments designated as business expenses actually represented disposable income where the business was "a hobby more than a business" and did not generate income such that the debtor could be considered a "debtor engaged in business" under 11 U.S.C.A. § 1304(a) (West 1993)).

Mr. Lindsey testified that without the tractor and baler he will be required to give up his farm and board his horses at a cost of $300.00 to $350.00 each month. Even with this expense, an additional $300.00 will be available monthly for creditors. This means that over the sixty-month life of the Debtors' plan, an additional $18,000.00 will be distributed to unsecured creditors.

For the above reasons, the Chapter 13 Trustee's Objection to Confirmation will be sustained and confirmation of the Debtors' First Amended Chapter 13 Plan will be denied. The court will, however, give the Debtors ten days within which to further modify their plan to provide for surrender of the tractor and baler. Any modified plan will be served by the Debtors' counsel on the Chapter 13 Trustee and all creditors, together with a notice of a confirmation hearing on a date to be provided by the clerk. If the Debtors fail to timely file a modified plan, this Chapter 13 case will be dismissed without further notice or hearing.

An appropriate order will be entered.

**6.** Documentation filed with New Holland Credit Company, LLC's claim evidences that Mr. Lindsey financed the baler through Ford Motor Credit Company. However, because New Holland Credit Company, LLC, now has the security interest in the baler, the court will treat it as having been financed through that entity.

**7.** The court takes judicial notice of paragraph one of the Debtors' Statement of Financial Affairs which discloses that Mr. Lindsey lost $8,861.00 from farming in 1998.